IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CUSTOM RUSTIC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TRAVELERS INDEMNITY OF CONNECTICUT,<br><br>　　　　　Defendant. | MEMORANDUM DECISION<br><br><br><br><br>Case No. 2:09-CV-516-TC |

　　　　This Declaratory Judgment Act case arises out of an underlying workers compensation lawsuit (the state lawsuit) filed by Sabino Azamar against Plaintiff Custom Rustic, Inc. (Custom Rustic) in Utah Third District Court in Summit County.  Custom Rustic contends that a general liability policy it purchased from Defendants Travelers Indemnity of Connecticut and the Charter Oak Fire Insurance Company (collectively "Travelers") obligates Travelers to defend it in the state lawsuit.  Travelers disagrees, arguing that comparison of the language of the policy with Mr. Azamar's claims in the complaint filed in the state lawsuit shows that Travelers will not be required to indemnify Custom Rustom and, accordingly, Travelers has no duty to defend the Plaintiff in the underlying lawsuit. The parties have filed cross motions for summary judgment. Because the court agrees with Travelers, it **GRANTS** Travelers' motion for summary judgment and **DENIES** Custom Rustic's motion.

## BACKGROUND

Custom Rustic builds log homes. Mr. Azamar, the plaintiff in the state lawsuit, suffered an injury at a Custom Rustic job site. Mr. Azamar's relationship with Custom Rustic is disputed; in the state lawsuit he claims he was an employee of Custom Rustic, while Custom Rustic claims he was a trespasser. Mr. Azamar did not file his claim under Utah's Workers' Compensation Act because, contrary to Utah law, Custom Rustic did not maintain workers' compensation insurance. Rather, Mr. Azamar brought the state lawsuit under Utah Code Ann. § 34A-2-207, which provides specific remedies for employees against employers who do not maintain such insurance.[1]

Custom Rustic purchased a general liability insurance policy from Travelers (the Policy). When Mr. Azamar filed the state lawsuit, Custom Rustic tendered the defense to Travelers. Travelers refused to defend Custom Rustic, maintaining that the Policy did not cover Mr. Azamar's claims.

## STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In conducting its

---

[1] Utah Code Ann. § 34A-2-207 provides that employers who do not maintain workers' compensation insurance "shall be liable in a civil action to their employees for damages suffered by reason of personal injuries arising out of or in the course of employment caused by the wrongful act, neglect, or default of the employer." Such an employer may not present a defense of the fellow-servant rule, assumption of risk, or contributory negligence. Id. § 34A-2-207(1)(b). That section also provides that "[p]roof of the injury shall constitute prima facie evidence of negligence on the part of the employer and the burden shall be upon the employer to show freedom from negligence resulting in." Id. § 34A-2-207(2).

analysis, the court must view all of the facts in the light most favorable to the non-movant and make all reasonable inferences in favor of the non-moving party. Piercy v. Maketa, 480 F.3d 1192, 1197 (10th Cir. 2007). An issue of material fact is genuine if a "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

This court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 and must apply Utah law to the substantive issues in this case. Peck v. Horrocks Engineers, Inc., 106 F.3d 949, 952 (10th Cir. 1997).

## ANALYSIS

"An insurance policy is merely a contract between the insured and the insurer and is construed pursuant to the same rules applied to ordinary contracts." Alf v. State Farm Fire & Cas. Co., 850 P.2d 1272, 1274 (Utah 1993). Although ambiguous terms must be construed in favor of coverage, "if a policy is not ambiguous, no presumption in favor of the insured arises and the policy language is construed according to its usual and ordinary meaning." First Am. Title Ins. Co. v. J.B. Ranch, Inc., 966 P.2d 834, 836 (Utah 1998).

An insurer's duty to defend is broader than its duty to indemnify. Sharon Steel Corp. v. Aetna Cas. and Sur. Co., 931 P.2d 127, 133 (Utah 1997). "Its defense duty arises when the insurer ascertains facts giving rise to potential liability under the insurance policy." Id. As a general rule, "an insurer's duty to defend is determined by comparing the language of the insurance policy with the allegations in the complaint." Fire Ins. Exchange v. Estate of Therkelsen, 27 P.3d 555, 560 (Utah 2001) (quotation and alteration omitted). Under some circumstances a court may look to evidence outside the complaint to determine whether the

insurer has a duty to defend.

The Policy provides coverage for damages owed by the insured due to a claim of bodily injury. But the Policy specifically excludes "[a]ny obligation of the insured under a workers' compensation . . . law or any similar law." (Def.'s Mem. in Opp. Summ. J., Ex. 3.) It also excludes coverage for bodily injury to "[a]n 'employee' of the insured arising out of and in the course of (a) Employment by the insured; or (b) Performing duties related to the conduct of the insured's business." (Id.) The exclusion applies "[w]hether the insured may be liable as an employer or in any other capacity." (Id.)

The complaint in the underlying suit alleges nine causes of action. The first three are negligence claims, which allege failure to provide safety equipment necessary to safely fulfill the requirements of Mr. Azamar's employment, failure to properly train Mr. Azamar to safely accomplish the requirements of his employment, and failure to supervise the work site to ensure a safe working environment. The remaining six claims allege that Custom Rustic has been engaged in hiding assets to prevent a recovery by Mr. Azamar. Custom Rustic concedes that, should Mr. Azamar prevail on his claims, the Policy would exclude coverage because his claims are premised on his allegation that he is an employee.

Custom Rustic relies on its answer and counterclaim in the underlying suit to show that it alleges that Mr. Azamar was not an employee at the time of the accident. As a result, Custom Rustic argues, Travelers has a duty to defend the suit because, if Mr. Azamar is not an employee, he would not fall under the employee exclusion in the Policy.

Custom Rustic misapprehends the extent of an insurer's duty to defend. Utah law makes clear that an insurer's "defense duty arises when the insurer ascertains facts <u>giving rise to</u>

potential liability under the insurance policy." Sharon Steel Corp., 931 P.2d at 133 (emphasis added). An insurer does not have a duty to defend a suit in which there is no possibility that coverage will arise. Only if there is a possibility that Mr. Azamar could prevail on claim for which coverage would exist under the Policy does Travelers have a duty to defend Custom Rustic in the underlying suit.

In the state lawsuit, there is no possibility that Mr. Azamar's claim would be covered under the Policy. If the state court determines that Mr. Azamar was not an employee of Custom Rustic, Mr. Azamar will not recover anything on his claims. If the state court determines that Mr. Azamar was an employee of Custom Rustic, the Policy will exclude coverage. At the hearing on the motion, Custom Rustic agreed that this was the case. But it maintained that a duty to defend should still apply because if Mr. Azamar is not an employee, the Policy does not exclude coverage. The duty to defend is not so broad as to encapsulate situations in which recovery under a policy is impossible. See Sharon Steel Corp., 931 P.2d at 133. Accordingly, Travelers is entitled to summary judgment.

## ORDER

For the foregoing reasons, the Plaintiff's motion for summary judgment (Docket No. 9) is **DENIED**. The Defendant's motion for summary judgment (Docket No. 14) is **GRANTED**.

DATED this 17th day of November, 2009.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge